# HENRY HENLEY DODGE ᴇᴛ ᴀʟ. *vs.* WILLIAM M. C. DODGE.

*Trusts and Trustees—Powers of Substituted Trustee—Renunciation of Trust by Heir of Surviving Trustee—Appointment of Non-Resident as Trustee—Exception to Ratification of Trustee's Sale—Unborn Remaindermen.*

When a power of sale is given by will to testamentary trustees, and the survivor of them, and the heirs and assigns of the survivor, the power is annexed to the office of trustee, and may be exercised by a substituted trustee appointed upon the death of all of the testamentary trustees.

If various powers are given to a testamentary trustee, most of which are annexed to the office, but some of which give a personal discretion to the trustee, then a substituted trustee is authorized to execute those powers which are not personal in their nature.

When a will conveys an estate to trustees, and the survivor, and the heirs of the survivor, and upon the death of the surviving trustee, his heir unites in a suit asking for the appointment of a new trustee, that is in effect a renunciation or disclaimer of the trust by him.

A non-resident of the State may, in the discretion of the Court, be appointed a trustee to carry out the provisions of a will, upon the death of the testamentary trustee.

When a trustee's report of sale alleges that the sale was for the advantage of all the parties in interest, and was made with their consent, it is no ground of objection to the ratification of the sale that the report fails to allege, or that there was no evidence to show, that the sale would be to the advantage of unborn persons who might, if they came into being, have an interest in the proceeds of sale.

*Decided December 9th, 1908.*

Appeal from the Circuit Court for Montgomery County (HENDERSON, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, WORTHINGTON and HENRY, JJ.

*Edward C. Peter,* for the appellant, submitted the cause on his brief.

*Robert B. Peter,* for the appellee.

HENRY, J., delivered the opinion of the Court.

This appeal brings up for consideration the question as to the right of Joseph H. Bradley, substituted trustee under the last will and testament of the late Henry Henley Dodge, to sell certain real estate of the testator lying in Montgomery County.

In the item of the will with which we are primarily concerned, the testator devises and bequeathes the residue of his estate to Ysidora B. M. Dodge, Maurice J. Adler, and Harrison Howell Dodge, all of the District of Columbia, "and the survivors and last survivor, and the heirs, executors, administrators and assigns of such last survivor, in trust, to have and to hold the same with full power according to their, his or her best judgment and discretion, to manage and direct the same, to sell and convey and deliver the same or any part thereof, according to the quality of said estate, to lease or encumber the same or any part thereof, with full power to invest the same or any part thereof, and to change investments, etc.," for the benefit of his children, etc.

Maurice J. Adler and Harrison Howell Dodge renounced the trust imposed by the will aforesaid, but Ysidora M. Dodge qualified as executor and trustee, and continued to act in both capacities until her death in February, 1904.

In December of that year, the appellees filed a bill of complaint in the Circuit Court for Montgomery County, to which

all the parties in interest under the aforementioned will were made parties, and which, after reciting the foregoing and other facts, stated that all parties desired the appointment of Joseph H. Bradley, of the District of Columbia, as trustee in the place of the said Ysidora M. Dodge, deceased, and praying that he, or some other suitable person or persons, be so appointed and be invested with all the rights and powers given to the trustees mentioned in the will.

In March, 1906, Mr. Bradley was appointed trustee, as prayed, and duly qualified by filing an approved bond. Shortly thereafter, he sold a valuable tract of land to the Chevy Chase Club, a corporation, which, after making a cash payment of $5,000, filed objections to the ratification of the sale on the ground that the Court was without jurisdiction to appoint a trustee; that the said Bradley had no power to make said sale, and because the trust created by the will, upon the death of Ysidora M. Dodge, devolved upon one of the complainants in this suit, William M. C. Dodge, her eldest son and heir at law.

Notwithstanding such objections, the Court finally ratified and confirmed the sale on September 19th, 1908, overruling the exceptions filed. From the order of ratification, an appeal was entered to this Court.

It is contended by the appellants, in the first place, that the trust created by the will was personal in its nature and incapable of transmission to a trustee appointed by the Court.

This question has not infrequently been before this Court, which has uniformly held that it is purely a matter of intention, to be gathered from a consideration of the whole will and from the nature and objects of the trust created thereby, as to whether a trust is personal in its character or is annexed to the office of trustee. Among the latest decisions on the subject is that in *Snyder v. Safe Deposit & Trust Company,* 93 Md. 225, where the Court, speaking through JUDGE PEARCE, reviews several earlier decisions and clearly announces the rule on the subject. And in the case of *Safe Deposit & Trust Company v. Sutro,* 75 Md. 361, it was held that when the

words heirs, administrators and executors, or words of similar import, were added to the designaiton of the trustee by name it had the effect of excluding the idea of a personal trust, inasmuch as it was impossible for a testator to know who the heirs, etc., of any person named as trustee by him might be. Applying this test to the will of Mr. Dodge, we find that in the section quoted, after the designation of the trustees by name, he adds, "and the survivors and last survivor, and the heirs, executors, administrators and assigns of such last survivor," and similar words are used in all other sections of the will, except two.

One of these exceptions is in the clause where the testator authorized the trustees to render assistance to such person as he may suggest in a letter to be addressed by him to them, "the character and amount of such assistance to be according to the judgment" of the said trustees, and the other exception is in the clause appointing the said trustees guardians for his infant children.

In both of these instances, the words, "heirs. etc.," are omitted after the designation of the trustees, while the nature of the duties imposed, particularly in the instance first cited, makes it apparent that the testator was creating a personal trust to be executed only in the discretion of the trustees actually named in the will. But the particularity with which the words "heirs, etc.," are added in other sections indicates a different purpose as to them; and, generally speaking, it may be said that, in the absence of a clearly expressed intent to the contrary, the power of sale conferred upon a trustee in a will is regarded as a ministerial duty, annexed to the office and passing to any person lawfully substituted in the place of the original trustee. It is contended in argument by the appellant that some, at least, of the trusts created by the will are personal and that the decree naming a new trustee is invalid in not making a distinction in this respect. Accepting the statement as a fact, we think that the decree is good *pro tanto,* though ineffectual in attempting to invest the substituted trus-

tee with those powers which, as above set forth, are of a personal nature.

It is further urged that upon the death of Ysidora M. Dodge, the trust descended upon her heir at law, under the provisions of Sec. 24, Art. 46, Code of Public General Laws. While this is true, the heir at law in this case is a party complainant in the suit, and this is in effect a renunciation of the trust. A disclaimer of a trust may be by acts and conduct, as well as by deed, though in this case it is one of the admitted facts that William M. C. Dodge, the heir at common law, conveyed the legal estate to the aforesaid Joseph H. Bradley, so that both by deed, as well as by conduct amounting to a disclaimer, the heir has renounced the trust, and there was a vacancy which the Court was called upon to fill. It is a rule in equity, which admits of no exception, that the Court never wants a trustee, and under its general powers, even if statutory authority were not given by Sec. 90 of Art. 16, Code of Public General Laws, it would have, under circumstances like those in the present case, power to appoint some suitable person to execute the trusts made in the will of the testator.

The objection is also made that Mr. Bradley, being a non-resident of the State, is ineligible to the office. The selection of a trustee is a matter in the discretion of the Court, and while it is a wise custom and the better practice to select a resident, yet there are circumstances which will justify a departure from the rule. The testator in this case was himself a resident of the District of Columbia, the original trustees appointed by the will were residents of the same District, the beneficiaries under the trust now reside there and all have united in a petition for the appointment of Mr. Bradley, while the larger part of the trust property is situated in Montgomery County in convenient proximity to the residence of the trustee, so that its management and supervision can be easily looked after by him. The recommendation of the parties in interest is always entitled to weight, and, in view of this and the other facts recited, we think the Court exercised a sound discretion in appointing Mr. Bradley to the vacant trustee-

ship. *Story's Equity,* Vol. 2, Sec. 976; *A. & E. Encyc.,* Vol. 28, page 960; *Miller's Equity,* Sec. 315.

Another, and final, objection made in the appellant's brief is that the allegations in the trustee's report of sale should have been supported by proof, and that, inasmuch as it is possible for the trust to open to let in unborn persons, the report should have stated that the sale was to the advantage of such unborn *cestuis que trustent*. We do not think that either, under the circumstances, was necessary. Neither party asked for leave to take testimony and the allegations of the report were not disputed by the written exceptions filed, which merely raised some points of law upon admitted facts. It would be entirely speculative for the Court to hold that the interest of persons unborn would not be identical with those of the living *cestuis que trustent*. Every person *in esse,* having an interest in the trust, was made a party to the proceedings, and the report states, under affidavit, that such sale was to the advantage of all the parties and that it was made with the approval of the children of the testator. We think this sufficient, under the circumstances stated, to warrant the action of the Court in ratifying the sale.

> *Order affirmed, the costs to be paid out of the estate.*