## CHARLES JACKSON, Trustee,

### *vs.*

## NOLAND A. MATTHEWS.

*Trusts: termination; powers of trustees; when attached to
office, and not personal merely; marriage
of cestui que trust.*

A testator, by his will, devised to certain trustees money in
trust to invest said sum, etc., and to collect the rents and profits
therefrom and, after payment of the necessary expenses, to pay
the net proceeds to the testator's son during his life; he further
provided that the trustees, their successors or successor were
authorized to advance to the son any part or the whole of the
property so bequeathed in trust when, in their judgment and
discretion, they should be of the opinion that the son's best
interests would thereby be advanced; *held,* that this power was
one that was attached to the office of trustee, and was not a
purely personal power, and that it could be exercised by them
of their successors.　　　　　　　　　　　　　　　　　　　p. 284

The fact that the son had married was a fact properly to be
considered by the trustees in determining the trust and turning
the property over to him.　　　　　　　　　　　　　　　　p. 285

*Decided November 14th, 1918.*

Appeal from the Circuit Court of Baltimore City. (Soper,
C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe,
Thomas, Urner, Stockbridge and Constable, JJ.

*Charles Jackson* (with a brief by *Jackson & Jackson*), for the appellant.

No appearance for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This appeal presents for the second time the will of the late A. C. N. Matthews. When the case was before this Court at the last April Term it was remanded without either affirming or reversing the decree, for lack of proper parties.

Since that time all parties who might, under the provisions of the will hereinafter quoted, have any interest in the estate have been brought into the proceeding, and this Court now is called upon to place a construction upon the following provisions of Mr. Matthew's will:

"Item. I give, devise and bequeath to my son-in-law, William A. Black, and my friend, James W. Denny, the sum of Eight thousand dollars ($8,000.00) in trust and confidence, nevertheless, and for the following uses and purposes, namely: In trust to invest said sum in safe, productive property or securities and to reinvest the same from time to time as they may deem desirable; to collect the rents, issues and profits therefrom arising and after payment of the necessary expenses to apply and pay over into the hands of my son, Nowland A. Matthews, the net income arising from said trust for and during the term of his natural life in as frequent instalments as are desirable, without power in my son to dispose of or anticipate such payments, before the same shall be payable into his hands by my said Trustees, their successor or the survivor of them; and from and after the death of my said son, Nowland A. Matthews, this trust shall end and determine (unless ended as hereinafter provided at the discretion of said trustees), and the trust estate shall be divided equally among the child or children of my said son Nowland share and share alike. But if my said son shall die without leaving issue or descendants living at the time of his death, the trust

property and estate, or such part thereof as shall then remain in their hands, shall be divided among my children who may then be living in equal parts, share and share alike.

"And I hereby fully authorize my said Trustees and the survivor of them whenever they are of opinion that the best interests of my son, Nowland A. Matthews, would be thereby promoted, to advance to him any part or all of said property at their own discretion and judgment, and as to the part of said trust estate so paid over to him as part of the corpus, this trust shall as to such portion or the whole thereof, if the whole be so paid to him, cease and end. But this power to advance the principal or any part thereof to my said son shall be at the discretion of said Trustees, who shall have full power to retain the trust during my son's life if they deem it for his best interests so to do."

Two questions are now before this Court: First, whether the trust, and the discretionary control over the disposition of it, which was given to the trustees named in Mr. Matthews' will, was a personal one, or whether it was one attached to the office of trustee and, therefore, passed to the successor of the trustees named in the will, with power to him to exercise the discretion mentioned; and, second, whether the case as presented is one which will justify the trustee in the exercise of that discretion, so that he may turn over to Noland A. Matthews the amount devised in trust, and so terminate the trust, or whether he is required to still hold it and pay over only the income derived from the property bequeathed in trust.

With regard to the first question: it does not seem possible under the phraseology of Mr. Matthews' will that there can be any serious contention, that the power must be held to be one attached to the office of trustee, and not to have been purely personal in character. The use in the will by the testator of the term "successor" and "survivor" implies very clearly that the power was one given not merely to the trustees named, but to their successors or successor. No other rea-

sonable interpretation can be placed upon the use of such language, and to limit it to the nature of a personal confidence only, the language should be strong and explicit for this purpose, and it has been so held in a long line of Maryland cases. *Druid Park Heights Co.* v. *Oettinger,* 53 Md. 46; *Safe Deposit Co.* v. *Sutro,* 75 Md. 366; *Dodge* v. *Dodge,* 109 Md. 167; *Stein* v. *Safe Deposit Co.,* 127 Md. 206.

Following this line of cases we must hold, therefore, that the power given to the trustees was one to be exercised, either by them or the survivor of them, or the successor or successors of the trustees in that office.

With regard to the second question there is no contention whatever. The son Noland A. Matthews, who was unmarried at the time when the will in question became operative, has since married, and in view of that fact and for other reasons is in a position where, both in the judgment of the trustee and his brothers and sisters, it is proper that the trust should be terminated, and the corpus of the estate paid over to him.

No objection whatever is made from any quarter to the adoption of such a course, on the contrary it is recommended by those who are in the best position to know. Under such circumstances to refuse the present application would be an arbitrary exercise of power, which the Court would never permit a trustee to do, and certainly will not do itself.

The decree of the Circuit Court of Baltimore City passed on the 10th day of January, 1917, will, therefore, be reversed, and also the order of said Court passed on the 13th of May, 1918, and the case remanded to the Circuit Court of Baltimore City, to the end that a decree may be therein entered, declaring the trust terminated, and directing that the corpus of the estate now in the hands of the trustee be transferred and paid over to the said Noland A. Matthews, and that the trustee report to the Court his action.

> *Decree and order reversed, and cause remanded;*
> *the costs of this proceeding to be paid out of*
> *the trust funds in the hands of the trustee.*