IN RE ESTATE OF JAMES M. BOUTWELL,
JENNIE E. BOUTWELL, BENEFICIARY.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed October 7, 1941.

*H. C. Shurtleff* for petitioner.

*Theriault & Hunt* for petitionee, Montpelier National Bank, Trustee.

STURTEVANT, J. Jennie E. Boutwell, surviving widow of James M. Boutwell, late of Montpelier, deceased, and beneficiary. under his will, brought her petition to the probate court for the District of Washington praying that the trustee be ordered to pay to her enough from the principal of the trust fund in question so that she might receive therefrom including income $1,000 monthly. On April 17, 1941, after full consideration of this matter the court denied the prayer of the petitioner and dismissed her petition and the case is here upon her exceptions.

The question presented is whether the power and authority given the original trustee under the provisions of the will survive to the present trustee, successor to the one named in that instrument.

It appears from the record that the original petition in this case was filed in court on January 17, 1940. Before final hearing and on the 7th day of April, 1941, the petitioner filed an amended petition omitting certain parts of her former one and on April 15, 1941, she filed a waiver of certain parts of the original petition.

It appeared at the hearing below that on February 3, 1938, the said Jennie E. Boutwell had filed a petition with the probate court praying that it order the trustee, "Montpelier National Bank," to pay over to her out of the income and principal of the trust funds in question the sum of $1,000 each month. The petition was fully heard, findings of fact made and a decree dismissing the petition was entered October 10, 1938. From this decree no appeal was taken.

The findings in the former case are fully set out in those in the case at bar and are treated as a part thereof. From all these findings the following material facts appear.

James M. Boutwell died July 1, 1929, testate, leaving a gross estate of approximately $653,000.

The testator in his will set up a trust fund of $200,000 for the benefit of his wife, the petitioner, and named "The Montpelier National Bank" as trustee of this fund. After directing the

trustee to pay over to his wife, Jennie E. Boutwell, the net income and interest therefrom, the will further provides, in Article 7, paragraph 3:

> "3. If in the judgment of said Trustee the interest and income from said trust fund shall at any time not be sufficient for the care, comfort and support of my said wife, then I direct and authorize said Trustee to pay over to my said wife, from time to time, or to expend for her benefit, such sum or sums out of the principal of said trust fund as said Trustee may deem best for her proper care and support, and I make said Trustee the sole judge of such care and support and I direct that such payments and expenditures be in the sole discretion of the said Trustee. This fund, with what may be added to it from the residue of my estate as hereinafter provided, is established by me for the express purpose of providing and caring for my said wife, and I direct that it be used for her benefit and not with a view to the interests of those who shall take the remainder."

By article 27 of the testator's will he provided that the residue of his estate should become a part of the trust fund in question and in that article with respect to this residue he used the following language:

> "I direct that such property, or the proceeds thereof, be added to and become a part of the Trust Fund established under the Seventh Provision of this will, be invested and reinvested, as hereinbefore set forth, and that the net income thereof be paid to my wife, Jennie E. Boutwell, when in the judgment of the said Trustee the income on said sum of Two Hundred Thousand Dollars, above set forth, is not sufficient for the care and support of my said wife."

"The Montpelier National Bank", a corporation, was duly appointed trustee in accordance with the provisions of the will and managed the affairs of the trust until January 8, 1934, at which time it resigned this office, this bank then being in process of liquidation. A new bank, also a corporation, was formed un-

der the name "Montpelier National Bank". It took over the assets of the old bank and several of the men who had been officers in the old bank became officers in the new one. Only two of these were officers in the old bank at the time of the testator's death in 1929 and both have died since 1934. .

On application of the petitioner in the case at bar the new bank was appointed trustee of the fund in question on April 23, 1934, since which time it has continued to manage the affairs of the trust.

In recent years, owing to business conditions, the income from the trust fund has been considerably reduced. Income from the $200,000 trust fund paid to the petitioner during the years 1931 to 1937 both inclusive, excluding taxes paid for her by the trustee in 1931 in the sum of $510.40, amounted to . . . . . . . . . $56,215.14

The amount paid to her from this source varied from $9,376.73 in 1933 to $6,369.70 in 1937.

On June 14, 1934, after the appointment of the present trustee, there was paid to the petitioner by a credit to her account accumulated income on the residue fund, the sum of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,702.35

Also on June 14, 1934, there was paid to the petitioner out of the corpus of the residue fund by a credit to her account the sum of . . . . . . . . . . . . . . . . . . 5,564.75

The petitioner received further income from the residue fund as follows:

| | | |
|---|---|---|
| 1934 | $1,731.35 | |
| 1935 | 1,978.85 | |
| 1936 | 2,327.59 | |
| 1937 | 2,336.25 | 8,374.04 |

For the twelve months ending May 13, 1939, the petitioner received from the $200,000 fund the sum of . . . 8,406.35

and for the year ending May 13, 1940, she received from this source . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $10,155.83

The testator, especially during the latter years of his life, supported the petitioner on a scale of living which was bountiful if not extravagant. If she is to maintain this standard she will need about $1,000 per month. For her to continue to live in this

manner would add to her pleasure and peace of mind. She is an old lady now more than 84 years of age.

The defendant trustee has acted in good faith and without selfish or improper motives in the management of the trust in question.

The decree from which this appeal is taken contains the following language:

> "In view of the language of the will, and of the language of the statute in respect to the powers and duties of successor trustees (see No. 3037 P. L.) and of the entry dismissing the former petition, the prayer of the petitioner is denied and the petition is dismissed."

█ █ It is not disputed here that if the discretion given the original trustee in the will as to paying over to the beneficiary certain sums from the principal of the trust fund passed to the substitute trustee, then the probate court was without authority to act in the matter. In other words, as stated by the petitioner in her brief, "the test is—does the discretion given by the will attach to the *office* of the trustee or to the *person* of the trustee? If the former, then it may be exercised by the substitute; if the latter, then it can not." In short, it comes down to the question, what was the intent of the testator as to this matter? His intention, if in accordance with law, is the all controlling factor. What he intended is to be gathered from a consideration of the whole instrument creating the trust, the nature and object of the trust and all other circumstances which have a bearing on the question. 26 R. C. L. 1338, Secs. 201 and 202; Perry on Trusts, Sec. 496; Restatement, Trusts, Sec. 196; 126 A. L. R. Annotation, beginning on page 931.

From the third paragraph of the 7th article of the will as hereinbefore set out it appears that whether the interest and income from the trust fund is sufficient for the care, comfort and support of the beneficiary is to be determined "in the judgment of said trustee" and if at any time these are found insufficient for the purpose mentioned, then the testator directs and authorizes "said trustee" to pay over to the beneficiary from time to time or to expend for her benefit such sum or sums out of the principal of the trust fund as "said trustee" may deem best for her proper

care and support. After providing that such payments and expenditures be ''in the sole discretion of the said trustee'', the will states: ''This fund, with what may be added to it from the residue of my estate as hereinafter provided, is established by me for the express purpose of providing and caring for my said wife, and I direct that it be used for her benefit and not with a view to the interests of those who shall take the remainder.''

Having in mind that at the time of the testator's death the beneficiary was well past seventy years of age and the substantial amount of the trust fund established by the will and construing the above mentioned provisions of the instrument in the light of these facts, it is clear that the only discretion given the trustee concerning the matter in question was to decide how much must the beneficiary receive from this fund to accomplish the express purpose? At any time when in the judgment of the trustee the interest and income from the fund are not sufficient for this, then it becomes the trustee's imperative duty to invade the principal and to pay over to her or expend for her benefit so much thereof as in its judgment may be necessary for her proper care and support. When in the judgment of the trustee it is established that the income from the fund is not sufficient for this purpose it has no discretion as to whether or not the principal shall be invaded. In deciding how much the beneficiary should receive from the fund the trustee is directed by the terms of the will to give no thought to the matter of keeping the principal intact for the benefit of those who are to take the remainder. The fund is declared to be for the express purpose of caring for the testator's wife and he directs that it be used primarily for her benefit.

From the foregoing it appears that the question left to be determined in the discretion of the trustee is a common one often found in the will of a married man. There is nothing in the decision of this which requires special knowledge and it includes nothing to indicate that the testator relied upon the judgment of ''The Montpelier National Bank'' to the exclusion of all others.

The fact that the trustee named in the will was a corporation is, under the circumstances of this case, very significant. At the time of his death the testator was president of this bank. He

knew that the trustee named could think and exercise a discretion only through its officers or a majority of them. He must be taken to have known that their judgment and discretion would in law be the judgment and discretion of this corporation. Suppose that in his will he had stated that the officers of this corporation, whoever they might be during the time this trust should be in force, should be the trustees of the fund. Under these circumstances it could not be reasonably claimed that in naming his trustees he was depending upon the special confidence and discretion of any particular person or persons. Yet, as pertaining to this trust, such provision would have in fact called for the judgment and discretion of exactly the same minds as was done by the language used in the instrument. The testator must have known that the personnel of the officers of the trustee named would change from time to time and so the judgment and discretion of the corporation might vary with these changes.

■ The case at bar is distinguished from each and all of the cases cited by the petitioner in support of her contention that the discretion given by the will pertaining to the question before us attaches to the person and not to the office of the trustee by the foregoing facts. These facts clearly show that it was the testator's intention to affix the discretion with which we are here concerned to the office of the trustee. His intent thus being established and not being contrary to law, the question before us is so determined.

■■ It follows that the authority given the trustee named in the will is not a mere naked power to be exercised or not in the discretion of the trustee but rather it is a power coupled with a trust. That is, when certain facts are determined, then it is mandatory that the trustee act as directed in the will. In short, the discretion with which we are here concerned attaches to the office and not to the person of the trustee. See authorities cited *supra;* also, *Shattuck et al.* v. *Stickney et al.,* 211 Mass. 327, 97 N. E. 774; *Sells* v. *Delgado et al.,* 186 Mass. 25, 70 N. E. 1036; *Jacobs* v. *Wilmington Trust Co.,* 9 Del. Ch. 400, 80 Atl. 346; *Newport Trust Co.* v. *Chappell et al.,* 40 R. I. 383, 101 Atl. 323; *Donlin* v. *Hynes,* 177 App. Div. 184, 163 N. Y. S. 868; *Russell* v. *Hartley et al.,* 83 Conn. 654, 78 Atl. 320; *Dodge et al.* v. *Dodge et al.,* 109 Md. 164, 71 Atl. 519, 130 Am. St. Rep. 503.

Many other cases in accord with the above might be cited but

these are sufficient to show the general recognition and application of the principles hereinbefore mentioned.

 Our attention has been directed to P. L. 3037 which provides in effect that when a person who has been appointed trustee refuses or resigns the trust, or dies, or is removed, the trustee appointed by the court to fill such vacancy shall have the same authority as if originally appointed by the testator or the probate court. From what has been stated it already appears that the discretion and authority held by the present trustee relative to matters before us come to it by authority of the will. What would be the effect of this statute if this were not true is not material here and we do not consider that question.

The petitioner calls attention to the provisions of the will as to investment and reinvestment of the funds making up this trust. She insists that certainly such powers and authority are personal. No question as to the authority of the present trustee concerning these matters is in the case at bar and so we do not consider it.

 The trustee contends that the adjudication made upon the former petition brought by the petitioner estops her from bringing the petition in this case. This contention is not sound. A determination of the amount needed for her care, comfort and support in 1938 would not be decisive of what were her needs at the time the petition in the case at bar was brought. This is so plain that it needs no further comment.

*Decree affirmed. To be certified to the probate court.*