[No. 13844.   Department Two. — September 14, 1891.]

O. T. DYER, RESPONDENT, v. GEORGE LEACH ET
AL., APPELLANTS.

DEED OF TRUST — SUCCESSOR OF DECEASED TRUSTEE — APPOINTMENT WITH-
OUT NOTICE — VALIDITY OF SALE. — Where a deed of trust, given to
secure the indebtedness of the trustor to a beneficiary named therein,
provides that the trustee shall sell the land in a specified manner, upon
non-payment of the money secured by the deed, and also provides for a
successor in case of the death, resignation, or removal of the trustee,
though not specifying the manner in which he should be appointed, a
trustee appointed by the superior court upon petition of the beneficiary,
without notice to the trustor or his grantees, as successor of the deceased
trustee named in the deed, may make a valid sale and conveyance of
the land in accordance with the terms of the deed of trust.

ID. — COLLATERAL ATTACK UPON ORDER APPOINTING TRUSTEE — NOTICE —
DISCRETION OF COURT. — The order of court appointing the trustee, un-
less absolutely void, cannot be collaterally attacked; and such order is
not rendered void by the absence of notice to the trustor, it being dis-
cretionary with the court what, if any, notice should be given.

ID. — TRUST VESTING IN COURT — JURISDICTION. — The theory of the law
is, that upon the death of the trustee the trust vests in the court, and
in the absence of statutory provision, notice is not necessary to confer
jurisdiction.

ID. — QUASI JURISDICTION IN REM — SERVICE OF PROCESS. — The jurisdiction
of the superior court to appoint a trustee whenever there is a vacancy,
and the declaration of trust does not provide a practical method for the
appointment of a successor, is a quasi jurisdiction in rem, a power over
the trust, and is not acquired by the service of process upon any person
interested in the trust fund or its preservation.

EVIDENCE — OFFER OF PROOF — PLEADINGS IN FORMER ACTION — REVIEW
UPON APPEAL — INSUFFICIENT RECORD. — The rejection of an offer to in-
troduce in evidence the pleadings in another action, objected to on the
ground that it was not between the same parties, and was irrelevant and
incompetent, etc., cannot be considered upon appeal, where there is
nothing in the record to show the character of such action, what it was
about, or who the parties were.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Paris & Fox,* and *W. J. McIntyre,* for Appellants.

*H. C. Hibbard,* and *Curtis & Otis,* for Respondent.

McFARLAND, J. — Action of ejectment to recover a certain tract of land. Judgment went for plaintiff, and defendants appeal.

George Leach, being the owner of the land in question, executed a deed of trust of the same to E. Conway, trustee. The object of the trust was to secure a promissory note for $3,358, made by Leach to the Riverside Banking Company, as well as certain other moneys. It was provided in the deed that if the money should not be paid when due, the trustee should sell the land, after notice, and in the manner provided therein, and execute a deed to the purchaser. It also provides that there shall be a trustee as successor of said Conway, in case of the death, resignation, or removal of the latter; but it does not provide for the manner in which such successor shall be appointed. Afterwards, said Conway died; and the money secured by the trust being due and unpaid, said banking company made written application to the superior court for the appointment of a trustee, and the court appointed, as such trustee, H. C. Hibbard. Hibbard proceeded under the trust, and sold and conveyed the land to one Rosenthal, who conveyed to plaintiff, Dyer. The defendants, other than Leach, are persons who claim parts of the land under him.

It is not contended by appellants that Hibbard did not sell the land in accordance with the deed of trust, or that he in any way violated it. It is contended, however, that all proceedings by him, and his sale of the land, were invalid, because his appointment was made by the superior court without notice to the trustor,

Leach, or his grantees. It does not appear that any injustice has been done, and the point seems to be entirely technical.

As the attack made here upon the order of the court appointing Hibbard trustee is collateral, it cannot be successful unless such order is absolutely void; but we do not think it void. The current of authorities is to the point that in such a case it is discretionary with the court what, if any, notice shall be given. Our code requires no notice. Section 2287 of the Civil Code provides that "the superior court may appoint a trustee whenever there is a vacancy, and the declaration of trust does not provide a practical method of appointment." Section 2251 provides that "the mutual consent of a trustor and trustee creates a trust of which the beneficiary may take advantage at any time prior to its rescission." Section 2252 provides that "when a trustee is appointed by a court, . . . . such court . . . . is the trustor, within the meaning of the last section." These are the only provisions applicable to the question to which our attention has been called. The theory of the law is, that upon the death of the trustee the trust vests in the court, and, in the absence of a statutory provision, notice is not necessary to confer jurisdiction. In *Milbank* v. *Crane*, 25 How. Pr. 193, it is said that the jurisdiction in such a case is "a *quasi* jurisdiction *in rem*, a power over the trust, and is not acquired by the service of process upon the *cestui que trust* or other person interested in the trust fund or its preservation. It is undoubtedly proper and usual in most cases to call those more immediately interested before the court, that they may be heard in the appointment of a new trustee. But this is in the discretion of the court. . . . . This being so, the appointment of the new trustee is valid, even though it should be thought to be irregular, or even improvident or indiscreet, to make the appointment without formal notice to and summons to those interested." To the same point are the cases of *Hawley* v. *Ross*, 7 Paige, 103, and *In re Robinson*, 10 N. Y. Rep. 261. (We have

considered the point upon the theory that no notice was given of Hibbard's appointment; but it is doubtful if the record shows such want of notice.)

Appellants contend that the court erred in sustaining an objection to their offer to introduce the pleadings in a certain action entitled *Riverside Banking Company* v. *George Leach et al.,* — the objection made being that it was not between the same parties and was irrelevant and incompetent; that there was no *lis pendens,* etc. As to this point, it is sufficient to say that there is nothing in the record to show the character of that action, — what it was about or who the parties were. There are no other points necessary to be noticed.

The judgment and order denying a new trial are affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.