BRANSFORD REALTY CO. *v.* ANDREWS.

(*Nashville.*   December Term, 1913.)

1. **TRUSTS.  Appointment of trustees.  Parties.**

Both under the general equity practice and Shannon's Code, sec.
5429, providing that upon the death of a trustee a new trustee
may be appointed, upon application by the beneficiaries by pe-
tition making all necesary parties defendant, the question of
the necessity of parties rests in the discretion of the chancery
court, being largely a question of expediency; and hence,
while all persons interested should generally be made parties,
the court of chancery having jurisdiction of the trust *res* may
proceed, although contingent remaindermen were not parties.
(*Post, pp.* 729-734.)

2. **TRUSTS.  Trustees.  Appointment.  Parties.**

In a proceeding to appoint a trustee to succeed a deceased trustee,
the heirs of the deceased trustee are not necessary parties, for
they have no power respecting the trust estate or any interest
therein, except the naked legal title.   (*Post, pp.* 729-734.)

Code cited and construed:   Sec. 5429 (S.).

Cases cited and distinguished:   Wooldridge v. Planters' Bank, 33
Tenn., 297;  Williams et al. v. Neil et al., 51 Tenn.,  279.

Cases cited and approved:   Bright v. Bright, 62 Tenn., 109;  Wil-
liamson v. Wickersham, 43 Tenn., 52;  Watkins v. Specht, 47
Tenn., 587;  Birdsong v. Birdsong, 39 Tenn., 289-302;  Milbank
v. Crane, 25 How. Prac. (N. Y.), 193;  Dyer v. Leach, 91 Cal.,
191;  Freeman v. Prendergast, 94 Ga., 369.

3. **TRUSTS.  Trustees.  Appointment.  Attack.**

While by reason of lack of parties the appointment of a trustee
may be irregular, still, where the omitted parties were only
contingent remaindermen and the heirs of a deceased trustee,
the appointment is at most irregular, and cannot be collaterally
attacked.   (*Post, p.* 734.)

Realty Co. v. Andrews.

Cases cited and approved:   Freeman v. Prendergast, 94 Ga., 369;
Milbank v. Crane, 25 How. Prac. (N. Y.), 193.

4. TRUSTS. Proceedings for reinvestment. Necessary parties.

A decree providing for the sale of trust property is not invalid
because the ultimate contingent remaindermen were not par-
ties to the proceeding; such persons being represented by the
life tenant and those then claiming the vested remainder.
(*Post, pp.* 734-736.)

Cases cited and approved:   Andrews v. Andrews, 54 Tenn., 234;
Freeman v. Freeman, 56 Tenn., 301; Rutherford v. Rutherford,
116 Tenn., 383; Miller v. Texas & Pacific R. Co. et al., 132
U. S., 662, distinguishing McArthur v. Scott, 113 U. S., 340;
Glasscock v. Tate, 107 Tenn., 486.

5. TRUSTS. Sale of trust property for reinvestment. Title of
purchaser.

In view of Shannon's Code, sec. 5085, providing that the pur-
chasers of property judicially sold for reinvestment shall take
good title if the provisions of the law have been substantially
complied with, notwithstanding the errors of the court, a de-
cree providing for the sale of trust property passes good title
to the purchaser, who paid his money into court, even though it
did not sufficiently protect the interests of contingent remain-
dermen, for while the proceeds of such sale must, under sec-
tion 5087, be reinvested for the benefit of the parties inter-
ested, the purchaser is not charged with any trust to see to
the reinvestment.   (*Post, pp.* 736-738.)

Code cited and construed:   Secs. 5085, 5087 (S.).

Cases cited and approved:   Beaumont v. Beaumont, 54 Tenn.,
226; Knotts v. Stearns, 91 U. S., 638; Winchester v. Winchester,
38 Tenn., 460.

Case cited and distinguished:   Ridley v. Halliday, 106 Tenn., 619.

FROM DAVIDSON.

Appeal from Chancery Court, Davidson County. —Jno. Allison, Chancellor.

Bailey & Edwards, for appellant.

Smith & Berry, for appellee.

Mr. Justice Green delivered the opinion of the Court.

This bill was filed to enforce specific performance of a written contract whereby the defendant, J. D. Andrews, agreed to purchase for the sum of $3,000 a certain lot in what is known as the Bransford Realty Company's West End Heights subdivision near the city of Nashville.

After entering into the contract aforesaid, the defendant declined to complete it, insisting that complainant's title was defective. This bill was filed for specific performance, and to recover of defendant the purchase price agreed on of $3,000. A demurrer was interposed by defendant, which the chancellor sustained, and complainant has appealed to this court.

The lot in question is a part of a tract of land formerly belonging to the estate of Chas. Bosley, and was acquired by the complainant at a chancery sale in the case of *Gertrude B. Whitworth et al.* v. *Goodloe Lindsley, Agent, et al.*

Under the will of Charles Bosley, the said tract of land, together with other property, was devised to his executors in trust for his granddaughter, Gertrude Bosley Bolling (now Gertrude B. Whitworth), for life,

and at her death to her children, or the survivors of such as might then be dead, and, in default of issue, then, after the payment of $15,000, to Gerard Brandon and wife, of Mississippi, remainder to those persons who would have been the heirs of testator, had he died at the time of the death of Gertrude Bosley Bolling.

Following the testator's death by certain proceedings, not in question here, J. L. Whitworth was appointed trustee after the death or resignation of the testamentary trustees, and later W. L. Horn was appointed trustee upon the death of J. L. Whitworth.

In the case of *Gertrude B. Whitworth et al.* v. *Goodloe Lindsley, Agent, et al.*, above referred to, the bill was filed for a sale, for reinvestment, of the tract of land purchased by the Bransford Realty Company. To this suit Gertrude B. Whitworth, the life tenant, her two children, W. L. Horn, then trustee, and the proposed purchasers, were made parties. The bill showed an offer for the said tract by the proposed purchasers. A reference was had, the offer reported to be advantageous, and a sale acordingly made and confirmed. The purchase price was paid into the chancery court under a decree that will be more fully noticed hereafter.

The demurrer filed herein by defendant, Andrews, raises three questions as to the title of the Bransford Realty Company to the said property.

The objections to the title are these:

(1)   That W. L. Horn was not properly appointed trustee of the Bosley estate, and the legal title to said

estate was therefore not represented in the case of *Gertrude B. Whitworth et al.* v. *Goodloe Lindsley, Agent, et al.*

(2) That all necessary parties were not before the court in the case of *Gertrude B. Whitworth et al.* v. *Goodle Lindsley, Agent, et al.*, in which case the said tract of land was sold.

(3) That proper provision was not made in the decree of sale for the protection of the contingent remaindermen under the Bosley will, and that the purchaser did not acquire a good title as against such remaindermen.

Considering these objections in the order made, we will first dispose of the contention as to the appointment of W. L. Horn, trustee.

This appointment seems to have been made by the chancery court of Davidson county upon petition of Mrs. Whitworth, filed in a cause there pending, relative to the administration of the Bosley estate. Neither the heirs of J. L. Whitworth, the former trustee, nor the contingent remaindermen, were made parties to this petition. It is said that the appointment of this trustee was invalid by reason of failure to make such persons parties to these proceedings.

It is not absolutely essential for the life tenant and immediate beneficiary of a trust estate, in petitioning for the appointment of a new trustee, to make the remaindermen parties. This question has been expressly decided as indicated in the case of *Bright* v. *Bright, 3*

Baxt., 109. We are not aware that the rule announced in this case has been modified.

The practice would be the same, whether the proceedings for the appointment of a new trustee be regarded as statutory or under the inherent jurisdiction of the chancery court. Section 5429, Shannon's Code, merely requires all necessary parties to be made defendants. The chancellor must, in either case, determine what parties are necessary.

While it is doubtless better practice to bring in all avilable persons in interest, the question of parties, at least in a court of equity, upon an application of this sort, is largely a question of expediency, and rests in the discretion of the court. As will appear from the authorities later reviewed, the appointment of a trustee will not in subsequent proceedings, be held invalid merely because all those interested in the trust were not before the court when such trustee was designated.

We have two cases, *Williamson* v. *Wickersham,* 3 Cold., 52, and *Watkins* v. *Specht,* 7 Cold., 587, which apparently do hold that the heirs of a deceased trustee are necessary parties in proceedings to appoint his successor. The first case seems to proceed on the theory that, inasmuch as the legal title in a trustee passes to his heirs upon his death, it is necessary to make these heirs parties in order to divest the title out of them and to vest it in the new trustee. The latter case undertakes a distinction between proceedings for the appointment of a successor to a trustee under a deed

and a testamentary trustee.  Both these cases dealt
with the appointment of trustees by courts of law.

In so far as *Williamson et al.* v. *Wickersham* and
*Watkins* v. *Specht,* supra, hold that the heirs of a tes-
tamentary trustee are necessary parties to proceedings
for the appointment of his successor, at least in the
chancery court, we are not inclined to follow them.
They are out of harmony with other expressions of this
court.

In the case of *Wooldridge* v. *Planter's Bank,* 1
Sneed, 297, the trustee had resigned.  His resignation
was accepted by the chancery court, and another ap-
pointed in his room and stead; but there was no dives-
titure of the title of the real estate conveyed in the
deeds of trust, or any vesting of the title in the new
trustee.  The court said:

"What, then, becomes of the legal title to the trust
property, upon resignation of the trustee?  This is a
question by no means free from difficulty.  To hold
that the title still remains in the trustee, after he is
formerly discharged of the trust, would seem absurd.
Upon this construction of the act, the resignation of
the trustee and appointment of another in his stead
would be alike inoperative; because, while it would fail
to discharge the first trustee effectually from all but
future liability, it would leave his successor destitute
of the power of exercising legal control over the prop-
erty for the want of the title.  To give the act any sen-
sible construction or effect, it must be held, therefore,
that upon the discharge of the first trustee by implica-

tion of law the title is transferred to and becomes vested in the successor appointed by the court; and for the same reason, a like construction and effect must be given to the decree of the chancellor." *Wooldridge v. Planters' Bank, supra.*

In the later case of *Williams et al. v. Neil et al.,* 4 Haisk., 279, referring to the reasoning of the court in the former case, it was said:

"This reasoning, it would seem to us, would be much stronger in favor of the vesting of the title in the new trustee, by implication of law, in case of the death of the trustee, where the sole purpose of the conveyance was, not to vest a descendible and beneficial estate in the trustee, but only an estate, in order that he might execute a power of sale contained in the deed creating the trust. It might well be held that the estate was in the trustee during his life, and technically descended as a naked, dry legal title to his heirs, on his death, subject, however, to be divested by implication of law, and vested in a new trustee, when appointed, and that the only parties necessary in such proceeding to appoint a new trustee were the maker of the deed and the beneficiaries in the deed, unless an account was sought of the personal representatives of the deceased trustee."

We can see no necessity for making the heirs of a deceased trustee parties to such proceedings. They have no power respecting the trust estate, nor any interest therein—no rights which they can assert and which it is necessary to cut off. They have but a naked

title, and this is effectually divested, as pointed out in the cases last quoted, by amplication of law, upon the appointment of a new trustee. Respecting parties to suits in equity, this court has made the following observation:

"The general rule, requiring all persons in interest to be made parties to the suit, is, in most cases, not, in any just sense, a right of the parties brought before the court, but rather a rule prescribed by courts of equity to themselves in the exercise of their jurisdiction, founded upon their notions of the public policy, or public convenience. It is, in a great measure, a rule of discretion, founded in the anxiety of those courts to do justice among all the parties having an interest in the subject-matter or object of the suit, whether that interest be mediate or immediate, present or future, for the purpose of suppressing future controversy and litigation." Story's Eq. Pl. 135a; *Birdsong* v. *Birdsong,* 2 Head, 289- 302.

The prevailing rule is that while one applying for the appointment of the new trustee should make parties of all persons beneficially interested, still this is a rule chiefly of convenience, and not founded on any general principle. It has been said that the jurisdiction of a court of equity in such a case is a "*quasi* jurisdiction *in rem,* a power over the trust and is not acquired by the service of process upon the *cestui que trust* or other persons interested in the trust fund or its preservation." *Millbank* v. *Crane,* 25 How. Prac.

(N. Y.), 193; *Dyer* v. *Leach,* 91 Cal., 191, 27 Pac., 598, 25 Am. St. Rep., 171; 39 Cyc., 287.

In the case of *Freeman* v. *Prendergast,* 94 Ga., 369, 21 S. E., 837, Judge Lumpkin makes an elaborate review of the authorities upon this subject. The conclusion reached is that in proceedings for the appointment of a trustee the question of parties is a matter within the discretion of the court. It is said this result is particularly satisfactory in cases where a bond is required of the trustee which fully protects all persons interested, regardless of the individuality of the person appointed.

Even though, by reason of lack of parties, the appointment of a trustee should be considered irregular, still an appointment under such circumstances would be irregular only, and not void. Such a decree would not be subject to collateral attack. *Freeman* v. *Prendergast,* 94 Ga., 369, 21 S. E., 837; *Milbank* v. *Crane,* 25 How. Prac. (N. Y.), 193; 29 Cyc., 290.

So upon full consideration we conclude that the appointment of Mr. Horn as trustee for the Bosley estate was valid, and cannot be questioned by the defendant herein.

The second objection made to the title by the defendant is that neither Garard Brandon, nor his wife, nor those persons who will be the heirs of Charles Bosley at the time of the death of his granddaughter, were made parties to the case of *Gertrude B. Whitworth et al.* v. *Goodloe Lindsley, Agent, et al.* As heretofore stated, she, the life tenant, was a party, her two chil-

dren were parties, and the trustee was a party to this suit. We think that a valid decree of sale was made, with these parties before the court.

The doctrine of virtual representation is thoroughly established in Tennessee. It is well settled that contingent limitations and executory devises to persons not in being, or uncertain and indeterminable at the time of the proceedings, may be bound by a decree against the person then claiming the vested estate. In suits to enforce a trust, or with reference to trust property, so limited in remainder, if the holder of the legal title, the life tenant, and the persons in being in whom the remainder would become a vested estate if the life estate then fell in—if all these are parties, a valid decree may be pronounced. *Andrews* v. *Andrews*, 7 Heisk., 234; *Freeman* v. *Freeman*, 9 Heisk., 301; *Rutherford* v. *Rutherford*, 116 Tenn., 383, 92 S. W., 1112, 115 Am. St. Rep., 799. See, also, *Miller* v. *Texas & Pacific R. Co. et al.*, 132 U. S., 662, 10 Sup. Ct., 206, 33 L. Ed., 487. This case distinguishes *McArthur* v. *Scott*, 113 U. S., 340, 5 Sup. Ct., 652, 28 L. Ed., 1015, relied on by defendant.

In the case of *Glasscock* v. *Tate*, 107 Tenn., 486, 64 S. W., 715, the court held certain partition proceedings invalid because neither the living trustee nor the ultimate contingent remaindermen were made parties. What was there said as to the necessity of making the ultimate contingent remaindermen a party was probably *dictum*. The decision could well have been rested on the failure to make the living trustee a party. At

any rate, the ultimate contingent remaindermen in *Glasscock* v. *Tate,* was a corporation, Cumberland University, a fixed and certain entity.

In this case the ultimate contingent remaindermen are uncertain and indeterminable at this time. This case falls within the rule we have undertaken to lay down, and that rule is in entire harmony with *Glasscock* v. *Tate,* supra.

So we conclude that all necessary parties were before the court in the case of *Gertrude B. Whitworth et al.* v. *Goodloe Lindsey, Agent, et al.*

The last objection made to the title in this case is that the decree of sale did not sufficiently protect the interests of the contingent remaindermen, and for this reason it is said the Bransford Realty Company did not acquire a good title.

Counsel for the defendant rely on the observation of this court in *Ridley* v. *Halliday,* 106 Tenn., 619, 61 S. W., 1028, 53 L. R. A., 477, 82 Am. St. Rep., 902, to the effect that: "In each case it is essential that the interests of the contingent remaindermen in the proceedings of the converted property be preserved by the decree directing the conversion." The decree in the case of *Gertrude B. Whitworth et al.* v. *Goodloe Lindsley, Agent, et al.,* recited that the purpose of the proposed sale therein was to change the form of the investment; and that the proceeds arising therefrom would be invested in other real estate subject to the same conditions, provisions, and limitations under which the title to the property was then held.

Such was the language of the decree confirming the sale, and upon the handing down of said decree the Bransford Realty Company paid the purchase price for this tract of land into court. As we have seen, all necessary parties were before the court, and the decree recited that the proceeds of the sale were thereafter to be invested upon the same conditions and limitations under which the realty was held.

We are of opinion that the purchaser was discharged from all obligation to look after the disposition of the purchase money when it was paid into court upon conditions such as these. The court had jurisdiction of the parties and the subject-matter, and had indicated in its decree a purpose to properly reinvest the proceeds of the sale and preserve the interest of the contingent remaindermen.

It was held in *Beaumont* v. *Beaumont*, 7 Heisk., 226, that the title of a purchaser at a judicial sale could not be in any way affected by the failure of the court to order the investment of funds paid in by him. As stated by counsel, this holding has become a rule of property in this State. It is sound, and in accord with the weight of authority, and we see no reason to depart from it.

While section 5087 of Shannon's Code requires the proceeds of such sales to be reinvested for the benefit of parties interested, we think the purchaser is discharged when he pays his money into the court under a proper decree of sale, reciting that the fund is received for reinvestment. He is not required to follow

128 Tenn. 47

up the case and see to the reinvestment of the fund for the protection of remote contingent remaindermen. That is the court's duty.  The interest of the first takers in remainder and of the ultimate contingent remaindermen is the same.  The theory of the law is that the first takers in remainder will look after the common advantage.  It is upon this theory that the rule of virtual representation rests..

See *Knotts* v. *Stearns*, 91 U. S., 638, 23 L. Ed., 252; 2 Daniell's Chan. Pl. & Pr., p. 1276; *Winchester* v. *Winchester*, 1 Head, 460.  Also see Shannon's Code, sec. 5085.

Upon the whole case, we are of opinion that complainant had a good title to the lot in question, and is entitled to the relief sought.  The chancellor's decree will be reversed, and defendant will pay all costs.