EXECUTORS of the Estate of WILLIAM HODGEN, Appellees, v. WILBUR L. SPROUL et al., Appellants.

No. 43262.

JUNE 19, 1936.

Crary & Crary, for appellants.

McCulla & McCulla, for appellees.

STIGER, J.—The will of William Hodgen, deceased, provided in item No. 3 thereof that:

"My said four grandchildren are now minors and should my death occur while the said grandchildren are still in their minority, it is my wish and desire that the court shall appoint a proper person of sound judgment and discretion as the legal guardian of any property herein devised to them and shall give a good and sufficient bond in order to qualify as by law provided; that he shall receive from my executors all moneys, rents and income from the real estate when my said estate is in process of settlement. That all funds received by him from investments or rents from time to time shall be used in the necessary support and education of my said grandchildren until each child shall have reached the age of twenty-five years and as such child shall have attained to that age, such child shall be entitled to his or her full share of the estate devised to them in Item #2 of this will less any sums expended for his or her support and education."

On July 10, 1935, the executors of his estate filed their report and asked therein that the court appoint some suitable person to act as guardian or trustee for the wards.

Neither the report nor the notice of hearing on the report nominated or suggested any person for appointment as guardian or trustee.

On July 16, 1935, which was the time fixed for hearing on the final report and for the appointment of a guardian or trustee, the four grandchildren filed their application for the appointment of W. M. Fidler as their guardian under the will, which reads as follows:

"Come now Wilbur L. Sproul, Darrell W. Sproul, Forrest D. Sproul and Blanche Adeline Conrad and respectfully show the court that they are each over fourteen years of age and are each under no legal disability.

"That application has been made by the executors of the will of said decedent to have the court appoint a guardian or trustee for them for their interests in said estate.

"These beneficiaries hereby petition and request the court to appoint as such guardian or trustee one W. M. Fidler, who resides in Pierson, Iowa, and who is a competent and suitable person therefor and one in whom these beneficiaries have confidence in his honesty and integrity.

"[Signed]     Wilbur L. Sproul,

"Darrell W. Sproul,

"Forrest D. Sproul,

"Blanche Adeline Conrad."

At the time of the application Wilbur L. Sproul and Darrell W. Sproul were each 23 years old; Forrest D. Sproul was 20 years old, and Blanche Adeline Conrad was 19 years of age.

Immediately upon presentation of the application to the court for the appointment of W. M. Fidler as guardian, the executors filed the following objections to his appointment:

"(1) That the will provides that the court shall provide a suitable person to act as such guardian or trustee for the property of said above-named individuals.

"(2) The party suggested by said individuals is a nonresident of the Judicial District.

"(3) That said party is not a resident of either of the counties in which the property belonging to said wards is located.

"(4)   Because under the terms of the will the right to select a guardian is given absolutely to the court and not to said minors or said wards.

"Wherefore, your executors ask that the court exercise his own discretion in the appointment of said guardian or trustee.
                    "Walter McCulla, Attorney for Executors."

At the time of filing the above objections the executors orally suggested to the court that it appoint W. F. Brunk as guardian.

The case was tried in equity, and the only evidence in the case consists of statements and admissions of counsel and the records and files of the case.

Mr. McCulla, counsel for the executors stated:

"We are not questioning the suitability or capability of your man, only his location, and we are denying that the wards have the right, under the law, to name a trustee in this case."

Mr. Fidler resided about 10 miles from one farm and 14 miles from another farm belonging to the grandchildren, and lived about one mile from the Cherokee county line, that is, he was not over one mile out of the judicial district.

The trial court admitted the competency of Mr. Fidler. The only evidence of the qualifications of Mr. Brunk is the following statement of the court:

"There isn't much question in the mind of the court regarding Mr. Brunk's qualifications.  He has acted in this way in a good many matters.  Is it so terribly important just so the individual appointed is capable and competent?"

Pursuant to the contentions of the executors that the wards or beneficiaries of the trust did not have the right to name a trustee, and that the court should make the appointment regardless of the wishes of the beneficiaries and that it was not necessary to take testimony, the court stated:

"Under the will I believe the Court would have authority to appoint whoever he saw fit regardless of any recommendations either one of you made.  While the competency of the party suggested by the wards is admitted, personally I would be inclined to favor someone who resides not only in the District but in the County in which the bulk of the real estate is situated.

"We are all more familiar not only with the real estate but with the individuals who live in our own county. There seems to be a line of demarcation at least, established by the boundaries of the counties. I know that is true so far as I am concerned."

The trial court thereupon, on objections of the executors, refused to grant the beneficiaries time to file objections to the appointment of Mr. Brunk, although his name had only been suggested at the time of the hearing, and on the same day, July 16, 1935, appointed W. F. Brunk guardian of the property of the four grandchildren.

Wilbur L. Sproul, Darrell W. Sproul, and Forrest D. Sproul appeal from the order of the court appointing W. F. Brunk as guardian or trustee.

The trial court was of the opinion that item No. 3 of the will granted him a power to appoint a trustee for the property of the four grandchildren and appointed Mr. Brunk under this supposed power rather than in the exercise of his discretion as the presiding judge under the issue joined between the parties.

■■■ The will provided that: "It is my wish and desire that the court shall appoint a proper person of sound judgment and discretion as the legal guardian of any property herein devised to them."

This provision of the will did not give the acting judge a personal power to appoint the trustee, but contemplated that the appointment should be made by the court acting as a tribunal and in the exercise of its judicial power.

If the testator had requested that one of the beneficiaries or the acting district judge appoint a trustee, such a desire might be well construed as a personal power of appointment.

The undisputed evidence is that Mr. Fidler was competent and qualified and the trial court should have granted the petition of the beneficiaries of the trust and appointed Mr. Fidler rather than a person of its own choice.

■■■ It is the general rule that the court will give weight to the wishes of the interested parties and will appoint the person that they nominate to administer the trust unless he is unfit for the position.

65 C. J., p. 594, section 383: "The appointment of a fit and proper person to be a trustee is a matter largely within the

discretion of the court. It is not, however, an arbitrary discretion, but is subject to well known and clearly defined Rules. In the selection of a trustee the court should consider all factors bearing on the matter, such as the interests of the estate, * * * the suitability of the proposed trustees, and the expressed preference of the beneficiaries and others interested, but has power to appoint one other than the nominee named in the application.''

65 C. J., p. 594, section 384: ''In the selection of a trustee, the court will always give due weight to the wishes of those interested, including the creator of the trust and beneficiaries, but is not bound to appoint a nominee of the parties and will not be controlled by the wishes of any parties as against considerations of fitness of the trustee.''

The rule that the court will appoint as trustee the person that the interested parties desire to have appointed unless such person is unfit for the position, is a wise and common-sense rule.

The court should not in the exercise of its judgment and discretion appoint a trustee who is objectionable to the cestui que trust. Steger v. Northern, 229 Ill. App. 529; In re McCaskey's Estate, 293 Pa. 497, 143 A. 209; Dodge v. Dodge, 109 Md. 164, 71 A. 519, 130 Am. St. Rep. 503.

The appointment of Mr. Brunk and the refusal to appoint Mr. Fidler is based solely on the fact that Mr. Fidler did not reside within the county where the bulk of the land was located, and did not reside within the judicial district. As above stated, Mr. Fidler lived one mile from the Cherokee county line and the record does not show that Mr. Brunk lives any closer to the land involved in the trust, than does Mr. Fidler.

If Mr. Fidler had been a nonresident of the state of Iowa, such fact would not be a bar to his appointment as a fiduciary, but only an unfavorable circumstance which would require consideration by the court as to the effect thereof upon the best interests of the estate. In re Estate of Rugh, 211 Iowa 722, 234 N. W. 278.

The following sections of the 1935 Code of Iowa will be helpful in determining the question before us:

Section 10763 provides that the district court of each county shall have original jurisdiction to appoint guardians of the property of all persons resident in the county subject to guardianship.

Section 10764 provides that the district court shall have jurisdiction in all matters in relation to the appointment of executors and trustees.

Section 12575 provides that if a minor owns property a guardian must be appointed to manage the same.

Section 12576 provides that a minor over fourteen years of age of sound mind may select the guardian subject to the approval of the district court, etc.

Under said sections, 10763 and 10764, the district court has jurisdiction to appoint trustees and guardians and in the appointment of either a trustee or guardian, the court must act as a tribunal. These sections do not give to the court a personal power of appointment.

Manifestly, section 12576 gives to a minor over fourteen years of age the right to select his guardian, subject to the approval of the court.

The court would not have authority to appoint whomever it saw fit regardless of the recommendations of the ward, but could withhold the approval of the selection of the ward only in the exercise of its judicial discretion.

The statutory right of the ward to select his guardian is in harmony with the equitable principle that the court must give full weight to the expressed preference of the beneficiaries and appoint the person so designated, if he is a fit person to act as trustee.

In this case all of the beneficiaries petitioned the court to appoint Mr. Fidler.

The place of residence of Mr. Fidler did not justify the court in refusing to appoint him as trustee. As above stated, the request in the will of decedent that the court appoint a guardian or trustee did not give the court a power of appointment, and the refusal of the court to appoint Mr. Fidler, the person designated by the beneficiaries in their petition, was under this record, not justified, and was an abuse of discretion.

II. All of the beneficiaries, including Blanche Adeline Conrad, on July 16, 1935, authorized their counsel to appeal from the order of the court appointing Mr. Brunk as trustee.

On July 19, 1935, she filed the following instrument in the case:

"Comes now Blanche Adeline Conrad and hereby consents

to the appointment of W. F. Brunk, as Trustee under the will of William Hodgen, Deceased, and waives all objections thereto, and declines to appeal from said order of appointment entered in the District Court of Plymouth County, Iowa on the 16th day of July, 1935.

"Blanche Adeline Conrad, Legatee under the Will of William Hodgen, Deceased.

"Duly Acknowledged."

Counsel for appellants had no actual notice of this instrument until after they had perfected the appeal on August 5, 1935, and failed to serve notice of appeal on Mrs. Conrad as a coparty, who did not appeal, as provided by section 12834 of the 1935 Code.

Section 12834 reads as follows:

"A part of several co-parties may appeal, but in such case they must serve notice of such appeal upon those not joining therein, and file proof thereof with the clerk of the court from which the appeal is taken."

No notice of appeal was served on W. F. Brunk, trustee.

Appellees filed a motion to dismiss the appeal on the following grounds:

(1) That no notice of appeal was served on Blanche Adeline Conrad as provided by Code section 12834.

(2) No notice of appeal was served on W. F. Brunk, trustee.

(3) The record on its face shows that the executors of the estate of William Hodgen, deceased, were discharged at the time the appeal was perfected in this cause and they were no longer interested parties in said action.

The notice of appeal was served only on Delburt D. Hodgen, one of the executors of the estate of William Hodgen, deceased.

■■■ With reference to the first ground for the dismissal of the appeal a notice of an appeal on a coparty who does not join in the appeal is only necessary when a reversal would affect and be prejudicial to the right of the coparty not served.

As stated in Brewer v. Stark, 198 Iowa 1238, 1239, 200 N. W. 915, 916, in referring to section 4111, Code of 1897 (now section 12834):

"It has always been held that service of the notice of appeal

must be made upon all codefendants who may be prejudicially affected by an adverse decision of the appellate court. In such case the notice is jurisdictional."

See, also, Coggon State Bank v. Woods, 212 Iowa 1388, 238 N. W. 448; Capital Food Co. v. Coal Co., 142 Iowa 134, 120 N. W. 704.

Mrs. Conrad joined in the petition for the appointment of Mr. Fidler as trustee. She stated in the petition that he was "a competent and suitable person and one in whom these beneficiaries have confidence in his honesty and integrity."

No right of Mrs. Conrad under the decree of appellants' judgment would be detrimentally affected by a reversal. She could not possibly be prejudicially affected by a reversal. On the contrary, a reversal would result in the obtaining of her request that Mr. Fidler be appointed trustee.

Under the circumstances the failure to serve notice of appeal on Mrs. Conrad is not fatal to the appeal.

■■■ With reference to the failure to serve W. F. Brunk, trustee, with notice of appeal, Code section 12837 provides that:

"An appeal is taken and perfected by the service of a notice in writing on the adverse party," etc.

Brunk, trustee, was not an adverse party. He was neither a plaintiff nor a defendant, nor did he make any attempt to become a party to the suit. He presented no pleading or issue to the lower court.

As stated in Fairchild v. Plank, 189 Iowa 639, at page 646, 179 N. W. 64, 67, in construing the above section:

"Who is the 'adverse party'? It seems to us it is all of the plaintiffs, if the defendants appeal, or all of the defendants, if the plaintiff appeals."

See, also, Chicago, B. & Q. R. Co. v. Board, 206 Iowa 488, 221 N. W. 223; State of Iowa ex rel. Alderson v. Jones, County Judge et al., 11 Iowa 11.

■■■ Appellees take the position that the executors were discharged at the time of the service of notice of appeal and were no longer interested parties in the action. It is true that the executors were discharged at the time of service of notice of appeal. However, they were parties to the proceeding for the ap-

pointment of a trustee and have appeared and filed their amended abstract in this court.

Their objections were sustained in the lower court and they were the "adverse parties" in the suit on appellants' appeal. The appellants had a right to appeal from the judgment, and the discharge of the executors was subject to the right of the beneficiaries to appeal and perfect their appeal by service of notice thereof on the adverse party.

The motion to dismiss the appeal is overruled.

For the reasons heretofore given the decree of the lower court is reversed and the case is remanded for judgment appointing W. M. Fidler as trustee in harmony with this opinion.— Reversed and remanded.

DONEGAN, C. J., and PARSONS, ANDERSON, KINTZINGER, and RICHARDS, JJ., concur.

HAMILTON, J. (dissenting)—In my opinion there is no such showing of clear abuse of discretion by the trial court as to warrant a reversal. The opinion of the majority goes contrary to the universally accepted rule vesting in the district court a very broad and liberal supervisory discretion in the selection of legal representatives and regulation and control of matters wherein the interests of minors and incompetents are involved. The district court, regardless of the provisions of the will, had the power to select a guardian of these minors and the privilege given to minors over fourteen years of age of selecting their own guardians is subordinate to the power vested in the court.

In this contest over the selection of a guardian, the trial court undoubtedly knew the persons put forth. He considered their qualifications. He took into account their location, and he was of the opinion that the person rejected, being a resident of another county, and living outside of the judicial district and some fourteen miles distant from the location of the property involved, was less desirable than the local man appointed by the court, who, the court stated, had acted in similar capacities many times in his court. To hold that the court under such circumstances acted arbitrarily is to unduly cramp and circumscribe the discretionary power of the court in dealing with matters of this character.

MITCHELL and ALBERT, JJ., concur in this dissent.