Central Trust Company of Illinois, Appellee, v. Elizabeth Harvey et al., Appellants.

Gen. No. 40,032.

Heard in the third division of this court for the first district at the April term, 1938. Opinion filed November 30, 1938.

EDWARD G. BERGLUND, of Chicago, for appellants.

WILLIAM J. FLAHERTY, of Chicago, for appellee; JOHN F. CASHEN, JR. and JAMES CONGER, both of Chicago, of counsel.

Mr. Justice Hebel delivered the opinion of the court.

The action in the superior court of Cook county, was commenced by the Central Trust Company of Illinois, as trustee under the last will and testament of John C. Chambers, deceased, by filing its complaint to have said will construed, which is the subject of this litigation. Most of the beneficiaries mentioned in said will, including all of the life tenants, all of the charities receiving about four-sevenths of the principal, upon the death of the testator's widow, and six of the eight residuary legatees, filed their appearances and answers to the bill of complaint. On April 26, 1937, Charles H. Albers, as receiver for the Central Republic Trust Company, filed his supplement to the original bill, by leave of court, and obtained a rule on all parties to answer, which was complied with. Charles H. Albers, as receiver, also filed a petition to have the account which he filed on behalf of himself, as receiver, and on behalf of the Central Republic Trust Company, as trustee, approved, and to have a successor trustee appointed. The court entered an order on April 26, 1937, requiring all parties to file objections to the receiver's account within 10 days or that the same stand as approved. Objections to the account were filed but later withdrawn.

On June 8, 1937, by leave of court, the defendants, Elizabeth Harvey, Ida Harvey, Lessie Harvey, and Ralph R. Harvey, filed their cross-bill for the construction of said will, making Mary Alice Chambers and Kathleen Clarice Chambers, minors, parties defendant, who were the children of Edwin Chambers, mentioned in the will as a nephew of John C. Chambers, deceased, and who are the only grandchildren of the late testator, John C. Chambers.

Certain of the life tenants represented by counsel signed and delivered to the chancellor in the trial court a petition praying that the court appoint not an individual as successor trustee but the Trust Company of

Chicago, or any other trust company qualified under the Illinois statutes to do business in Chicago. There also was introduced in evidence before the trial judge a signed letter of the Trust Company of Chicago, showing that it would accept its appointment as successor trustee, if appointed. After several hearings the court appointed E. G. Swanson as successor trustee to the trust created by the last will and testament of John C. Chambers, deceased. It is from that decree, which was entered on November 12, 1937, this appeal is taken.

In the decree appointing E. G. Swanson as successor trustee, the court dismissed the Central Republic Trust Company and also Charles H. Albers, as receiver out of the case; approved the accounts of the latter, and ordered that Charles H. Albers be indemnified by E. G. Swanson, successor trustee, against any further claims which might arise against the Central Republic Trust Company and Charles H. Albers, as receiver, and the court reserved jurisdiction over the successor trustee to approve the accounts of the successor trustee annually. The court further ordered that all assets of the trust be delivered immediately to E. G. Swanson, as successor trustee, and that out of the income of the trust estate E. G. Swanson, as successor trustee, pay the premium of the $35,000 surety bond which he furnished regarding the trust estate.

The defendants contend as a matter of law, it was an abuse of discretion to appoint E. G. Swanson, successor trustee under the last will and testament of John C. Chambers, deceased, disregarding the unanimous written request of all the attorneys of record for the beneficiaries mentioned by name in said will, asking that the court appoint the Trust Company of Chicago, or any other trust company qualified under the law to do business in Chicago.

The defendants submit to the court that the chancellor in the trial court, having authority to appoint a successor in trust under the last will and testament of

John C. Chambers, deceased, abused his discretion in appointing E. G. Swanson, summarily in disregard of the unanimous written request of all attorneys of record for the beneficiaries mentioned by name in the last will and testament of John C. Chambers, deceased.

The question to be considered is whether the court was justified in appointing a successor in trust to take the place of the trustee who resigned and who had been appointed under the last will and testament of John C. Chambers, deceased, when all the parties who were beneficiaries under the terms of the will recommended the appointment of the Trust Company of Chicago, or any other trust company qualified under the law to do business in Chicago.

The testator in drafting his will named these various beneficiaries and, of course, they are interested in the litigation, and it does not seem reasonable that the court should disregard the recommendation made by the beneficiaries of the appointment of a successor trustee to take the place of the trustee named in the last will and testament. It is rather unfortunate that the court did not permit the defendants in this action to present their reasons for recommending the appointment of a trust company, or hear objections to the suggestion of the court that E. G. Swanson be appointed.

As we have intimated in the statement of facts, this is a bill to construe the will, and under the terms of the will the provisions are to be performed and carried out by a successor trustee, and while we have not the terms of the will before us on this appeal, other than as alleged, we assume that the performance of this duty will require a reasonable time in which to carry out the intention of the testator.

A case which has been called to our attention by the defendants is that of *Cohen v. Central Republic Trust Co.*, 282 Ill. App. 569 in which this court filed an opin-

ion upon a question similar to the one here before us. The words used by this court are:

"Plaintiff says that the court was justified in selecting a trustee of its own because the parties could not agree upon a suitable person. It is doubtful whether the selection made can be called the selection of the court alone. The person appointed was proposed by plaintiff. From an exhibit attached to a petition subsequently filed by plaintiff it appears that the individual bondholders were polled and asked to state their preference as to a successor-trustee. No one resisted the selection of City National Bank and Trust Company by the bondholders' committee and the owner of the equity, or suggested the appointment of another trustee. The court seemed to have acted upon the objections made in argument by plaintiff's attorneys. In view of her doubtful standing in court and her meager interest, these objections should not have influenced the court. We hold that it was an abuse of discretion to appoint Howard K. Hurwith successor-trustee in opposition to the expressed recommendation and desires of the owner of the fee and the holders of 93 per cent of the outstanding bonds, and that the chancellor should, in accordance with this request, have appointed the City National Bank and Trust Company of Chicago as successor-trustee. *Strauss v. Rogers Park Bldg. Corp.*, 281 Ill. App. 612 (Abst.)."

In litigation of the character before us, it would be proper to consider the interests of the parties who are beneficiaries under the terms of the last will and testament and their desire as to who would manage the property in which they are interested, and it is but reasonable to presume they would be interested in the selection of an appointee who would meet the expectations of the litigants and who would properly administer his duties as successor trustee. While there is nothing in the record which would suggest that E. G.

Swanson is subject to criticism, still the court should have considered the interests of the beneficiaries under this will and given them the right to present their views on the selection of a successor trustee under the terms of the provisions of the last will and testament of John C. Chambers, deceased.

From all the facts before us in this case we are of the opinion that the court abused its discretion in making the appointment of the successor trustee, E. G. Swanson. It therefore will be necessary to reverse this cause with directions to the court to consider the matters that may be presented by the parties in interest in the selection of a successor trustee to be appointed.

There is one other question in the record which must be considered and that is the question of the dismissal of the trustee and the receiver as parties, as well as the approval of the account which was made at the time, and which was considered by the court and approved. We believe it will not be necessary to go into this question again, for it seems that no objections have been made, or called to our attention, to the part of the order that the trustee, as well as the receiver appointed for this trustee, be removed and that the account filed be approved, and for the reason that there is nothing here which would cause this court to hesitate as to this question, it seems but proper under the circumstances that this part of the order should be approved. The decree, therefore, in so far as the appointment of E. G. Swanson is concerned, is reversed and the cause remanded to the court with directions to hear the parties; and that part of the order dismissing the trustee and the receiver appointed for the trustee is approved and the order approving the account of the receiver is affirmed.

*Affirmed in part and reversed in part.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.