IN RE ESTATE OF CHAS. F. JONES.

No. 46719.

JULY 27, 1945.

564

Hobart E. Newton, of Stuart, and Stipp, Perry, Bannister, Carpenter & Ahlers, of Des Moines, for Clyde A. Jones, appellant.

R. K. Craft, of Adel, for O. D. Ellsworth, appellee.

OLIVER, J.— The will of Chas. F. Jones, deceased, probated in Adair county, directs that, upon the death of decedent's wife the court appoint a trustee to take charge of the remainder of his estate and pay the net proceeds annually to his son, appellant Clyde A. Jones, until 1955, at which time said trust property shall be delivered to appellant if then living or to appellant's lawful children. If appellant dies before 1955 without lawful issue said property shall descend to testator's collateral heirs. These heirs are nonresidents of the United States.

Testator's widow died in 1937 and the court appointed Roy A. Wright trustee. The sole asset of the trust is the one-hundred-sixty-acre home farm of decedent in Adair county. Since 1937 appellant has leased this farm from the trustee and has lived upon it. April 24, 1944, Trustee Wright filed in the probate proceedings his resignation as trustee, in which he requested that the court appoint some suitable person to act as successor trustee. On the same date an ex parte order of court was filed accepting the resignation and appointing O. D. Ellsworth as trustee. A few days after the letters of trusteeship issued appellant filed application to vacate the order appointing the trustee and for the appointment of R. M. Sayre as trustee. Trial to the court resulted in the denial of said application and this appeal by Clyde A. Jones.

Section 10764, Code of Iowa, 1939, provides that the district court shall have jurisdiction in matters relating to the appointment of executors and trustees and the handling of such estates, and that jurisdiction once acquired shall be retained until the estate is closed. Section 11876 states:

"Trustees appointed by will or by the court must qualify

and give bonds the same as executors, and shall be subject to control or removal by it in the same manner, and others appointed."

The court may remove a trustee for inability or failure to function properly in accordance with the law and orders of the court, etc., or where for any reason it appears for the best interests of the estate. Code section 12066; In re Estate of Mead, 197 Iowa 295, 197 N. W. 77. Appellant is not personally acquainted with Ellsworth and does not seriously question his qualifications. The record indicates and the trial court found that Ellsworth and Sayre were each qualified to perform the duties of the position. Appellant's principal complaint is that the order appointing Ellsworth as successor trustee was entered ex parte, without appellant's knowledge or consent and without giving appellant an opportunity to nominate for the position a fit person of his own choosing.

There is some suggestion by appellant that the court was without jurisdiction to make the order of appointment. This suggestion is not well founded. Various authorities hold that the jurisdiction of a court to appoint a successor trustee is quasi jurisdiction in rem, capable of being exercised without giving any notice to any person interested in the trust and that, in the absence of statutes requiring notice, whether beneficiaries shall be given notice of the proceedings rests in the discretion of the court. 26 R. C. L. 1278; 65 C. J. 599; Sanders v. Hall, 10 Cir., Okla., 74 F. 2d 399, 404; Dyer v. Leach, 91 Cal. 191, 27 P. 598, 25 Am. St. Rep. 171; In re Parker's Trust Estate, 228 Mo. App. 400, 67 S. W. 2d 114, 119; Moody v. Branson. 192 Okla. 327, 136 P. 2d 925; Freeman v. Prendergast, 94 Ga. 369, 21 S. E. 837. No statute of this state requires notice for the appointment by the court of a successor trustee and section 10764, Code of 1939, specifically provides that jurisdiction once acquired shall be retained. In re Estate of Carson, 221 Iowa 367, 265 N. W. 648, held valid the appointment of a successor trustee, upon application of beneficiaries, at an ex parte hearing and without notice. See, also, In re Estate of Strasser, 220 Iowa 194, 262 N. W. 137, 102 A. L. R. 117.

However, aside from the question of the jurisdiction of

the court to make the appointment, appellant contends the appointment of Ellsworth without notice and the subsequent refusal to set aside the order and appoint Sayre constituted an abuse of discretion and was error. The rule as to notice (in the absence of statute) has thus been stated:

"It is undoubtedly proper and usual in most cases to call those more immediately interested before the court, that they may be heard in the appointment of a new trustee. But this is in the discretion of the court * * * This being so, the appointment of the new trustee is valid, even if it should be thought to be irregular, or even imprudent and indiscreet, to make the appointment without formal notice to and summons of those interested." Milbank v. Crane, 25 How. Pr., N. Y., 193, 195, quoted in Dyer v. Leach, 91 Cal. 191, 193, 27 P. 598, 25 Am. St. Rep. 171.

In re Robinson's Petition, 37 N. Y. 261, 264, states:

"* * * in a proceeding simply for the appointment of a trustee * * * for * * * which security is always required, it is a matter of discretion with the court as to whom notice shall be given. The court * * * may determine and direct in that regard; the appointment being always open to review on the application of any party interested, and who may not have been informed of the proceeding. In applications of this character especially, the determination of the question as regards parties, rests very much upon considerations of convenience."

These and other decisions in harmony therewith are discussed and followed in Freeman v. Prendergast, 94 Ga. 369, 21 S. E. 837; Sanders v. Hall, 10 Cir., Okla., 74 F. 2d 399, 404; Moody v. Branson, 192 Okla. 327, 136 P. 2d 925; Bransford Realty Co. v. Andrews, 128 Tenn. 725, 164 S. W. 1175, 1178. See, also, 65 C. J. 599; 26 R. C. L. 1278. Kendall v. DeForest, 2 Cir., N. Y., 101 F. 167, 169, states that the presence of beneficiaries is not essential and may be dispensed with at the discretion of the court, "the appointment being always open to review upon the application of any person interested."

It is well settled that the expressed wishes of beneficiaries should be given consideration in the selection by the court of

successor trustees. In re Trust of Lunt, 232 Iowa 397, 401, 4 N. W. 2d 231, 233, quotes with approval the following statement from the comment in section 108, Restatement of the Law of Trusts:

"The court in exercising its discretion in appointing a new trustee will have regard to (1) the intention of the settlor; (2) the interests and wishes of the various beneficiaries; and (3) the promotion of the proper administration of the trust."

26 R. C. L. 1274 states:

"The court is not bound to follow the wishes of parties interested in appointing a trustee, although it is proper that it should listen to them and consult their interests in selecting a proper person for the position * * *."

See, also, In re McCaskey's Estate, 293 Pa. 497, 143 A. 209; Central Trust Co. v. Harvey, 297 Ill. App. 425, 17 N. E. 2d 988.

In Executors of the Estate of Hodgen v. Sproul, 221 Iowa 1104, 1108, 267 N. W. 692, 695, it is stated:

"It is the general rule that the court will give weight to the wishes of the interested parties and will appoint the person that they nominate to administer the trust unless he is unfit for the position."

Later in the decision this is referred to as "a wise and common-sense rule." The decision quotes from 65 C. J. 594, sections 383, 384, to the effect that the discretion to be exercised by the court in selecting a trustee is not an arbitrary discretion but is subject to certain clearly defined rules, one of which is that due weight should be given the expressed preference of beneficiaries. Although appellant does not have the entire beneficial interest in the trust, as did appellants in the Hodgen case, supra, his expressed preference would be entitled to consideration, especially in the absence of conflict with other beneficiaries.

The proceeding upon appellant's application may be said to have constituted a review of the ex parte order of appointment. Upon the hearing the court found:

"Of the qualifications of Mr. Ellsworth and Mr. Sayre there is nothing which would prevent the Court from appointing either."

However, the judgment entry recites that, Ellsworth having been appointed and qualified, the court "is unable to see any good reason why he should discharge a trustee already appointed and substitute another as trustee * * *."

It is apparent that the court regarded the proceeding not as a review of the ex parte appointment but as one to remove Ellsworth as trustee. Although it deemed appellant's nominee qualified, it refused to consider the nomination because made after Ellsworth's appointment. No consideration was given to the fact that said appointment had been made without notice to any beneficiary. The result of the holding was that the ex parte appointment deprived appellant of the right to be heard on the question of the selection of a trustee.

Appellant is the principal beneficiary of this trust, being entitled to its annual proceeds until 1955 and to the corpus if then living. The other beneficiaries reside in foreign countries and have not appeared in the proceeding. There is little possibility of damage to their contingent interests. Appellant is an adult and is under no disability. He lives upon the trust premises and it would have been convenient (and better practice) to have notified him of the proposed appointment of a successor trustee. His application to have Ellsworth's appointment set aside and Sayre appointed was made promptly.

We conclude that under the circumstances of this case appellant's nomination should have been given the same consideration as though made prior to the ex parte appointment of Ellsworth and that the trial court erred in not giving it such consideration. The cause is reversed and remanded for further proceedings in accordance herewith.—Reversed and remanded.

All JUSTICES concur.