ANNA LOUISE SMITH RODGERS, Complainant-Appellee,

*v.*

Unborn Child or Children of ANNA LOUISE SMITH RODGERS, Defendants-Appellants.

(*Nashville,* December Term, 1957.)

Opinion filed July 11, 1958.

JAMES R. WINCHESTER, Memphis, guardian ad litem for unborn heirs, appellant.

MITCHELL, ELY & MITCHELL, Memphis, for appellee.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The bill in this case was filed by Anna Louise Smith Rodgers, in which she alleges that her uncle, Edward S. Meighan, died testate and that under the terms of his last will and testament, a copy of which is attached to the bill, he devised to her certain real estate described in the bill for and during her natural life with remainder in fee to any child or children in the event she should marry and leave surviving her such child or children at the time of her death.

It appears from the will itself that if no child or children of said life tenant should survive her at the time of her death, then the real estate so devised to her for life should be vested in fee simple in Mary A. J. Meighan, a sister of the testator. In the event said sister be not then living, then such property to vest in fee in Catherine Lyons, another niece of testator.

The will further provided that if said Anna Louise Smith should predecease testator, then the real estate

should go to his said sister, Mary A. J. Meighan in fee simple; and if both said Anna Louise Smith and said sister of said testator should predecease him, then said real and personal property should go to the aforesaid niece, Catherine Lyons.

Finally, there is a residuary clause that all the rest and residue of his property go to said Anna Louise Smith.

The bill does not state in express words that the sister of testator, Mary A. J. Meighan, is dead, but we infer that to be a fact because it does allege that the said Catherine Lyons is dead and that complainant has a quitclaim deed from a sister of said Catherine Lyons, Mary Lyons and Jimmie B. Lyons.

It is further alleged that the estate has been fully administered; that complainant is now 46 years of age, is married and has no living children and that none have been born to her and that she is not now *enceinte;* that the property described is a residence which is badly in need of repairs and that complainant is without funds necessary for the making of same.

It is further alleged that, while she has a life estate in said property with remainder to a child or children who may survive her at the time of her death, the likelihood of such remainder being realized is extremely doubtful. Further that in an effort to make a loan for the purpose of improving said property, she has requested a title policy from Mid-South Title Company, Inc., and has been advised that said Company will issue a title policy but will make an exception of a possible remainder interest in the property as heretofore described and, therefore, the title to said property is not now marketable.

Further, that it would be for the manifest best interest of complainant and any possible remindermen for the property hereinbefore described to be sold and the proceeds therefrom reinvested by the purchase of property from which an income could be realized; or, in the alternative, that complainant be allowed to mortgage the property and take the proceeds thereby received and make the needed repairs in order to preserve it; or, in the alternative, that the Court declare the title in complainant to be absolute without any right of remaindermen.

Process by publication pursuant to T.C.A. secs. 21-212 and 23-2202 was made for the purpose of bringing in as parties the unborn heirs of the complainant, following which a guardian *ad litem* for said unborn heirs was appointed by the court.

The prayer of the bill was first, to sell the real estate and reinvest the proceeds in other property from which an income may be derived; or, that the court declare complainant's title to said property to be in fee simple absolute without any remaindermen having any interest; or that the value of complainant's interest be determined and declared and the property sold and payment made to complainant of the value of her interest therein.

The guardian *ad litem* filed a demurrer setting up the following grounds: (1) that the Court does not have jurisdiction of the cause; (2) that the Court does not have jurisdiction of the unborn child or children of Anna Louise Smith Rodgers; (3) that any decree of sale of subject property will not be binding upon the unborn child or children of Anna Louise Smith Rodgers because there

are insufficient parties before the Court and there is no defendant in being before the Court; (4) that the complainant Anna Louise Smith Rodgers is not a proper party to serve as a virtual representative of the unborn child or children of Anna Louise Smith Rodgers.

The demurrer was overruled as to all grounds stated and a discretionary appeal allowed.

It would seem that unless this bill can be maintained as an adversary proceeding under the general equity jurisdiction to quiet, perfect, or adjudge the title to real estate, or to remove clouds from the title thereof, then there is no valid service of process upon the unborn child or children of Anna Louise Smith Rodgers.

Ch. 13 of the Public Acts of 1919, T.C.A. sec. 23-2201 et seq., provides the only procedure by which service of process in such proceedings, wherein it is sought to determine the rights or claims of any person not in being, may be had on such person not in being.

■■ Now when we examine the bill in that aspect, we observe that the complainant avers that she has a life estate in said property with the remainder in a child or children surviving her at the time of her death. Therefore, the bill shows on its face that there is no controversy or doubt about the condition of the title. Complainant simple avers further that because of the fact that she is 46 years of age, has had no children and is not now carrying one, the likelihood of such remainder in said unborn child or children being realized is extremely doubtful and she, therefore, asks in the alternative to other relief prayed for that the title be vested in her in fee simple. Now two reasons why this can not be done are:

(1) because of the well established rule that in the absence of medical proof to the contrary in any particular case, there is always a presumption that a woman is capable of bearing a child regardless of her age; (2) Sec. 5 of said above mentioned act T.C.A. sec. 23-2205 contains at the end of said section this proviso:

"Provided, however, that nothing in this chapter shall be construed to affect any contingent remainder created by any will or devise of any deceased person."

■ Also, it is obvious that there is no valid service of process upon these unborn children under T.C.A. sec. 21-212, which is the general statute allowing publication and dispensing with personal service of process on defendants in the Chancery Court.

It would seem to follow, therefore, that the second and third grounds of the demurrer should have been sustained as to this aspect of the case because the Court does not have jurisdiction of the person of the unborn child or children of Anna Louise Smith Rodgers and any decree of sale of the property will not be binding upon them because of insufficient parties and lack of any defendant in being before the Court.

■ Therefore, the bill must fail unless it can be sustained in its other aspect on the theory of virtual representation.

In 120 A.L.R. 880, the annotation states:

"According to the great weight of authority unborn contingent remaindermen may be represented, in case there are no living members of the same class, by the persons who hold estates which precede or follow theirs, provided some one or more of such persons

would be adversely affected by the decree equally with the class not *in esse* and would therefore have the same interest and be equally certain to present to the court the merits of the question upon which the decree is sought.''

There are cited in support of the above the case of *Ridley v. Halliday*, 1901, 106 Tenn. 607, 61 S.W. 1025, 53 L.R.A. 477; and *Bransford Realty Co. v. Andrews*, 1913, 128 Tenn. 725, 164 S.W. 1175.

On page 612 of 106 Tenn., on page 1027 of 61 S.W. in the first of the above cases, it is stated:

"The present bill is not filed within these statutory provisions. (Referring to the section of the Code relating to the sale of property of persons under disability). It is not filed either by a husband of a married woman asking a sale of her property, or by a guardian of minors, seeking the same relief as to them. (The bill in the latter case must be filed by the guardian of a minor). It is that of a trustee and life tenant, who, bringing all the contingent remaindermen in esse into court, and averring the necessity of such relief, ask that real estate in which these parties have a contingent interest be sold by order of court, and that its proceeds be held subject to the trusts imposed upon the realty. The bill, being outside these provisions, must rest upon the inherent power of a chancery court to grant such relief, and by its decree for conversion bind parties who may hereafter come into existence.'' (The above parentheses are ours.)

Then on page 614 of 104 Tenn., on page 1027 of 61 S.W., it is stated:

"It has been held by a large majority of the courts, both English and American, that in certain cases the life tenant will represent contingent remaindermen, where no one of the latter is *in esse* at the time the court is called upon to intervene with regard to the estate in controversy."

Then on page 620 of 106 Tenn., on page 1029 of 61 S.W., the last paragraph states:

"Before concluding, it is proper to say that, upon the authorities, it is immaterial whether in such a case the bill is brought by or against the tenant for life." (Citing authorities.)

In the second case above cited, the same principles were applied where the proceedings were likewise plenary and all necessary parties were before the court either by service of process or under the theory of virtual representation.

In the case of *Farris v. Harrison,* 8 Tenn.Civ.App. 74, the rules laid down in the two above cited cases were followed and the syllabus reads:

"A court of chancery has both inherent and statutory jurisdiction to order for sale for reinvestment a tract of land given the first taker for life with remainder to the children of his body if surviving at his death, or if not, then to the issue of other children. In such case it is held that the contingent remaindermen are represented by the life tenant."

See, also, the case of *Jordan v. Jordan,* 145 Tenn. 278, 239 S.W. 423, and numerous other cases which we have read.

It will be observed, however, that in every case where the life tenant has been held to be the virtual representative of the unborn contingent remaindermen, two conditions have existed: (1) the proceeding has been plenary, and (2) the interests of the life tenant and the remaindermen have been in no sense hostile to one another. The word "plenary", of course, literally means full, entire, complete, absolute, perfect or unqualified, but with reference to judicial proceedings, it denotes a situation where a bill or petition or complaint is filed by one or more persons against one or more other persons who file an answer or a response. See 32A, Words and Phrases, p. 329. On the other hand, "ex parte" in the same connection means an action of some sort taken at the instance of and for the benefit of one side only without notice to or contest by any person adversely interested, or at least without an opportunity to be heard. See 15A Words and Phrases, p. 397.

It is hardly open to discussion that the aspect of the bill in this case seeking to have the Court vest the fee in the life tenant is not an adversary proceeding; and the same may fairly be said of the third aspect of the bill wherein it is sought to have the property sold and the value of the life tenant's interest set apart to her out of the proceeds, because this appears, if nothing else, to be an attempt by a life tenant to have a partition against remaindermen by a sale for that purpose, which can not be done. Gibson's Suits in Chancery, 4th Ed., sec. 1058, note 1.

And in the final analysis whether viewed with respect to the first aspect, that is, a petition for sale and reinvestment of the proceeds, or with reference to either of

the other aspects of the case, it is simply an *ex parte* proceeding and can not be otherwise, because there is no defendant on whom proper process can be served and the petitioner can not be both complainant and defendant. That is elementary and is reiterated in the case of *Downey v. Seib* reported in 185 N.Y. 427, 78 N.E. 66, 8 L.R.A., N.S., 49, 58. The last mentioned case is referred to in the case of *Barnett v. Daniel,* 11 Tenn.App. 443, 452, and the leading cases cited *supra* are referred to in said case of *Barnett v. Daniel.* However, we do not think that case is of any particular aid in the solution of the present problem because the life tenant had conveyed to others all the interest that she had in this property and, therefore, there was no privity of estate with her unborn children that would permit her to represent them in any event, but it does seem to have application to the hostile position or aspect of the case wherein the petitioner seeks to acquire the fee because she has taken a quit-claim deed from Mary and Jimmie B. Lyons who presumably are the heirs of Catherine Lyons, the last contingent beneficiary under the will.

█ There is no doubt about the broad jurisdiction of the Chancery Court independent of statutes to act for the protection of persons under disability whether *in esse* or *in posse* and irrespective of whether the estate be vested or contingent, etc., and as stated in Gibson's Suits in Chancery, 4th Ed., sec. 972, second para., the Court has inherent power over the persons and estates of infants and has plenary jurisdiction upon *proper pleadings and process* to control and sell or consent to the sale of real estate of minors and compromise their rights. The difficulty here is simply that, whether the attempt is made to act under the statutes or under the inherent jurisdiction

of the Court, there is no proper pleading and no proper service of process and no proper case for the virtual representation of the unborn child or children by the life tenant petitioner. We are, therefore, constrained to sustain the third ground of the demurrer for these additional reasons and to sustain also the fourth ground of the demurrer. The decree below is accordingly reversed and the petition is dismissed with costs.

NEIL, CHIEF JUSTICE, not participating.